UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| United States of America, | Case No.: 20cr2898-DMS |
|---|---|
| Plaintiff, | **ORDER AND FINDINGS OF FACT** |
| v. | |
| Carlos Rodriguez | |
| Defendant. | |

    1.    On March 17, 2020, the Chief Judge of the Southern District of California entered Order of the Chief Judge 18 (OCJ), suspending jury trials and most other criminal proceedings scheduled to begin before April 16, 2020 because of the COVID-19 pandemic. That Order was subsequently amended and modified by OCJs 18-A and 22. On April 2, 2020, the Judicial Council of the Ninth Circuit ratified the judicial emergency declared in OCJ 18 and extended it for an additional period of up to one year. The Chief Judge has subsequently extended the Emergency Orders with OCJs 24 (April 15, 2002), 27 (May 15, 2020), 30 (June 11, 2002), 33 (July 14, 2020), 34 (August 14, 2020), 40 (September 14, 2020), 47 (October 14, 2020) and 50 (November 16, 2020). The findings recited in the first paragraph of OCJ 18, and the Chief Judge's further findings in OCJ 24, OCJ 27, OCJ 30, OCJ 33, OCJ 34, OCJ 40, OCJ 47 and OCJ 50 that many of the circumstances continue unabated, are incorporated by reference in this Order. For these reasons, and for additional reasons recited below, the Court finds that the ends of justice

1  are served by a continuance in this case, and that the need for continuance outweighs the
2  best interest of the public and defendant in a speedier trial and in speedier criminal
3  proceedings. The Court further finds that failure to grant a continuance will deprive all
4  counsel – Government and defense – reasonable time necessary for effective preparation,
5  notwithstanding their due diligence, and will result in the futility of proceedings.
6　　　　2.　　The facts supporting these findings are well established and not reasonably
7  subject to dispute. The nation, the State of California, and the County of San Diego remain
8  locked down to prevent the spread of COVID-19. Of the approximately 2322 federal
9  detainees who are being held in custody in this district as of April 29, 2020, 336 have been
10 quarantined because they have either tested positive for COVID-19 or have been exposed
11 to another person who has tested positive. In either case, these detainees are unable to
12 personally meet with their defense counsel and, because of quarantine restrictions imposed
13 by detention facilities, cannot participate in court proceedings via videoconferencing or in
14 some cases even by telephone. As a consequence, defense counsel are hampered in their
15 ability to prepare and to communicate with their clients. Because of so-called "social
16 distancing" rules, the Court is unable to impanel grand jurors or trial jurors or to conduct
17 in-person evidentiary proceedings. Additionally, approximately ninety percent of this
18 Court's staff are currently staying home and are unavailable to assist with the day-to-day
19 operations of the Court. Similar staffing restrictions affect the United States Attorney's
20 Office for the Southern District of California and Federal Defenders of San Diego, Inc.,
21 impeding the ability of lawyers and staff to perform their functions. Lawyers on the
22 Court's Criminal Justice Act Panel have likewise been adversely affected by the
23 restrictions brought about by the COVID-19 pandemic.
24　　　　3.　　In short, the Court finds that criminal court proceedings cannot proceed as
25 usual at the present time and must be postponed. The Court further finds that the usual
26 deadlines set forth in the Speedy Trial Act, the Federal Rules of Criminal Procedure, and
27 in other provisions of the U.S. Code must be tolled, including in particular the deadlines
28 for conducting preliminary hearings under Fed. R. Crim. P. 5.1 and for commencement of

trial under 18 U.S.C. § 3161(c)(1). The Chief Judge and all other judges of the Court continue to closely monitor developments with respect to the COVID-19 pandemic and the resulting restrictions it has brought about. Where feasible, and without inviting undue risk to the health and safety of defendants, counsel, Court staff, or the public, the Court has acted to preserve the due process and speedy trial rights of federal defendants and will continue to do so.

4. For the foregoing reasons, the Court finds that the ends of justice are served by continuing the hearing in this matter, and that the need and justifications for a continuance outweigh the interest of the public, of the government, and of criminal defendants in a speedier trial and criminal proceedings. The Court further finds that the period of delay necessitated by these emergency circumstances should be, and is, excluded under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv).

5. As an alternative basis for these findings, the Court relies on the previously issued Judicial Emergency Declaration, issued by the Chief Judge on March 17, 2020 for a period of 30 days, pursuant to 18 U.S.C. § 3174(c), and thereafter extended by the Judicial Council of the Ninth Circuit until April 17, 2021. The circumstances supporting the Judicial Emergency remain extant, and support the Court's findings that a continuance of this matter serves the interests of justice and that time limits should be tolled in this case.

IT IS SO ORDERED.

Dated: November 20, 2020

_____
Honorable Dana M. Sabraw
United States District Judge